IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| United States of America, | ) |
| | ) |
| v. | ) Criminal No. 24-24 |
| | ) |
| KENDALL MCKOY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

I.  Introduction

Pending before the court are: (1) a motion for *Frye* colloquy (ECF No. 39) filed by the government; and (2) a motion to grant that motion as unopposed (ECF No. 49). The government's second motion was necessitated because, despite numerous extensions of time, defense counsel failed to file a response to the government's original motion. After a status conference on April 9, 2025, defense counsel confirmed that defendant Kendall McKoy ("McKoy") opposes the motion for *Frye* colloquy and apologized for her tardiness. The court permitted defense counsel to file a response, which occurred (ECF No. 56). The government filed a reply (ECF No. 57). Given the court's strong preference to resolve criminal motions on their merits, the government's motion to treat its original motion as unopposed (ECF No. 49) will be denied. The motion for *Frye* colloquy is now ripe for decision and will be addressed on the merits.

II.  Background

McKoy is charged in a 3-count superseding indictment with: (1) possession with intent to distribute a quantity of fentanyl and crack cocaine; (2) possession of a firearm in furtherance of drug trafficking; and (3) possession of a firearm and ammunition by a convicted felon. The offense at count 2 requires a mandatory minimum 5-year term of imprisonment, which must run

consecutive to any other prison term, and a statutory maximum of life imprisonment if McKoy is convicted of that offense.

The superseding indictment was filed on March 13, 2024. On April 22, 2024, McKoy pleaded not guilty. The speedy trial clock has been extended several times at defendant's request and the clock is now stopped through June 13, 2025.

In its motion for *Frye* colloquy, the government reports that on July 1, 2024, it extended a formal plea offer to McKoy via email to defense counsel. The government represents that the deadline for McKoy to accept the offer "was set to be 30 days after a status conference, if granted." (ECF No. 39 at 1). The same day, July 1, 2024, the government filed a motion (ECF No. 30) seeking a status conference with the court "to assure that the defendant was aware of the plea offer and its deadline." *Id.* McKoy opposed the motion (ECF No. 31). McKoy argued that holding the status conference would violate Federal Rule of Criminal Procedure 11(c) and would undermine McKoy's right to counsel because only defense counsel (and no other attorney) should discuss the plea offer with him. *Id.* McKoy also argued that questions about whether defense counsel communicated the terms of the plea offer to him and the substance of those discussions would invade the attorney-client privilege. The court denied the government's motion by text order on July 9, 2024, and stated: "The court declines to participate, directly or indirectly, in the plea negotiations between the government and the defendant." (ECF No. 32).

The government reports that after the court's order, it again emailed defense counsel a formal plea offer with an acceptance deadline of September 17, 2024. (ECF No. 39 at 2). The government submits that the deadline has passed and it did not receive any communication that the defendant either accepted or rejected the plea offer. *Id.* The government (again) requests a hearing with the court to ascertain whether McKoy has been made aware of the plea offer and

whether he has rejected it. The government contends that this process is authorized by *Missouri v. Frye*, 566 U.S. 134, 146 (2012), and that it will save judicial resources by preventing McKoy from later claiming that he did not know about the plea offer or its deadline. *Id.*

The government acknowledges that *Frye* contemplates a colloquy about formal plea offers be conducted "at some point." (ECF No. 39 at 4). It is this member of the court's practice to ask those questions as part of the colloquy prior to accepting any plea of guilty, not to conduct a separate hearing at this early pretrial stage. The government did not cite any decisions requiring a standalone *Frye* colloquy at this stage of the case.

In opposing the motion, defense counsel points out that "the government has repeatedly set forth on the record that it tendered a formal plea agreement offer and set an expiration date for said offer." (ECF No. 56 at 2). McKoy argues that a *Frye* hearing is not required, is not necessary, and risks improper involvement of the court. *Id.* at 3. McKoy recognizes and admits that a "formal plea offer [was] tendered in this case" and that it "was in writing." *Id.* McKoy reiterates the concerns he expressed in his opposition to the initial motion for a status conference (ECF No. 31).

III.   Discussion

Federal Rule of Criminal Procedure 11(c)(1) provides, in relevant part: "An attorney for the government and the defendant's attorney, or the defendant when proceeding pro se, may discuss and reach a plea agreement. **The court must not participate in these discussions**." (Emphasis added). Defense counsel cited *United States v. Pena*, 676 F. Supp. 3d 978, 981 (D.N.M. 2021), which denied a similar motion for a *Frye* colloquy and explained the reasoning for that prohibition:

> "Excluding the judge from the plea discussions ... minimizes the risk that the defendant will be judicially coerced into pleading guilty." *United States v. Cano-*

>*Varela*, 497 F.3d 1122, 1132 (10th Cir. 2007); *see also United States v. Begay*, 497 F. Supp. 3d 1025, 1084 (D.N.M. 2020) (citations and quotations omitted) ("This rule is in place because such discussion inevitably carries with it the high and unacceptable risk of coercing a defendant to accept the proposed agreement and plead guilty.").

*Id.* at 981.  The court recognized it had the authority to conduct a *Frye* colloquy, but was not required to do so. *Id.* at 983.  The court commented:  "Although the Court has an interest in discouraging contrived ineffective assistance [of counsel] claims [arising from an alleged failure to communicate a formal plea offer], there is no indication that this concern is sufficient to justify a standalone *Lafler/Frye* hearing."  *Id.*

The government suggests in its reply brief that the court conduct a "ten-minute hearing asking: (1) "Were you aware of the offered plea agreement?"; (2) "Were you aware of the expiration date of the offered plea agreement?"; (3) "Were you aware of the offered plea agreement and its expiration date before the deadline?"; and (4) "Did you knowingly and voluntarily decide to not agree to that offered plea?"  (ECF No. 57 at 2).

The very fact of the court bringing McKoy into court and requiring him to answer questions about the plea negotiations, presumably under oath, unavoidably may give the impression that the court is concerned about the outcome of those negotiations. The government contends that Rule 11 is not implicated because the plea negotiations at issue are completed.  The government, however, ignores the impact the court's involvement in a *Frye* hearing might have on any future plea negotiations in this case, i.e., whether McKoy, if the government extends another formal plea offer, may feel induced by the court to accept it.

The court recognizes its discretion to conduct a *Frye* colloquy, but declines to do so at this time.  The hearing would serve little purpose because McKoy's counsel acknowledges that a formal plea offer was extended and communicated to him.  It is clear to all that the acceptance

4

deadline has expired. The court's involvement would implicate the concerns underlying Rule 11. The court does not reach the question whether a *Frye* hearing would implicate the attorney-client privilege.

Conclusion

For the reasons set forth above, the motion for *Frye* colloquy (ECF No. 39) filed by the government; and motion to grant that motion as unopposed (ECF No. 49) will be DENIED.

An appropriate order will be entered.


Dated: April 16, 2025

                                            BY THE COURT:

                                            /s/ JOY FLOWERS CONTI
                                            Joy Flowers Conti
                                            Senior United States District Judge